**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-2166

SUZANNE SCIBEK, individually, and on behalf of her minor children, C.S., J.S., E.S.; JACOB SCIBEK; C.S., a minor; J.S., a minor; E.S., a minor,

Plaintiffs - Appellants,

v.

CRACKER BARREL OLD COUNTRY STORE, INC.,

Defendant - Appellee,

and

LAURA GEE GILBERT,

Defendant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:20-cv-02638-DCN)

Submitted: October 31, 2024                    Decided: January 17, 2025

Before KING, WYNN, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Kevin B. Smith, HOFFMAN LAW FIRM, LLC, North Charleston, South Carolina, for Appellants. James D. Smith, Jr., Mount Pleasant, South Carolina, Jeffrey B.

Kuykendal, MCANGUS, GOUDELOCK & COURIE, LLC, Charlotte, North Carolina, for Appellee.

––––––––––––

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Appellants Suzanne Scibek, individually and on behalf of her minor children, and Jacob Scibek appeal the district court's order granting summary judgment in favor of Cracker Barrel Old Country Store, Inc., on Appellants' state law negligence claims. We affirm.

We review de novo a district court's grant of summary judgment, viewing "the facts in the light most favorable to" the nonmoving party and "drawing all reasonable inferences in [the nonmovant's] favor." *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in [the nonmovant's] favor." *United States v. 8.929 Acres of Land*, 36 F.4th 240, 252 (4th Cir. 2022) (cleaned up). Conversely, "[w]hen a party fails to establish the existence of an element essential to that party's case, there is no genuine issue of material fact." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019).

To recover in negligence under South Carolina law, "the plaintiff must show (1) a duty of care owed by the defendant, (2) a breach of that duty by negligent act or omission, and (3) damage proximately resulting therefrom." *Crowley v. Spivey*, 329 S.E.2d 774, 780 (S.C. Ct. App. 1985). "A tortfeasor's duty arises from his relationship to the injured party." *Estate of Parrott v. Sandpiper Indep. & Assisted Living-Del., LLC*, 904 S.E.2d 455, 461 (S.C. Ct. App. 2024) (internal quotation marks omitted). "In South Carolina, there is no

general duty to control the conduct of another," and "a person usually incurs no liability when he fails to take steps to protect others from harm not created by his own wrongful conduct." *Id.* at 462 (internal quotation marks omitted); *see also* Restatement (Second) of Torts § 315 (Am. Law Inst. 1975). However, "one who assumes to act, even though under no obligation to do so, may become subject to the duty to act with due care." *Crowley*, 329 S.E.2d at 780; *see also Carson v. Adgar*, 486 S.E.2d 3, 5 (S.C. 1997) ("The common law ordinarily imposes no duty on a person to act; however, where an act is voluntarily undertaken, the actor assumes the duty to use due care."). For example, "[o]ne who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm." Restatement (Second) of Torts § 319; *see Faile v. S.C. Dep't of Juv. Just.*, 566 S.E.2d 536, 546-48 (S.C. 2002) (applying § 319).

Appellants contend that, specifically under § 319 of the Second Restatement of Torts, Cracker Barrel had a duty to act reasonably when it sent Defendant Laura Gilbert home from work. Our review of the record and relevant law on this issue reveals no reversible error in the district court's decision. South Carolina courts have not applied § 319 in the situation present here. Nor is it clear that either South Carolina or other jurisdictions that have adopted the duty for which Appellants argue would find Cracker Barrel affirmatively acted to take charge of Gilbert in a manner that triggered the duty discussed in § 319.

4

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*